# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROBERT FERNANDEZ, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>90 DEGREE BENEFITS, LLC and 90 DEGREE BENEFITS – WISCONSIN (f/k/a EBSO, INC.),<br><br>Defendants. | Case No. 2:22-cv-00799-SCD<br><br>**SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN AND NOTICES** |

I, Cameron R. Azari, Esq., hereby declare and state as follows:

1. My name is Cameron R. Azari, Esq. I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2. I am a nationally recognized expert in the field of legal notice and have served as an expert in hundreds of federal and state cases involving class action notice plans.

3. I am a Senior Vice President of Epiq Class Action and Claims Solutions, Inc. ("Epiq") and the Director of Legal Notice for Hilsoft Notifications, a firm that specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans. Hilsoft Notifications is a business unit of Epiq.

4. The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Epiq.

## OVERVIEW

5. This declaration provides updated settlement administration statistics following the successful the implementation of the Settlement Notice Plan ("Notice Plan") and notices (the "Notice" or "Notices") for *Fernandez v. 90 Degrees Benefits Wisconsin et al.*, Case No. 2:22-cv-00799-SCD in the United States District Court for the Eastern District of Wisconsin. I previously executed my *Declaration of Cameron R. Azari, Esq. on Notice Plan and Notices* on July 13, 2023, which described the Notice Plan, detailed Hilsoft's class action notice experience, and attached

Hilsoft's *curriculum vitae*. I also provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice plans. Subsequently, I executed my *Declaration of Cameron R. Azari, Esq. on Implementation and Adequacy of Notice Plan and Notices* ("Implementation Declaration") on October 17, 2023, which described the successful implementation of the Notice Plan and provided settlement administration statistics.

## NOTICE PLAN SUMMARY

6. Federal Rule of Civil Procedure, Rule 23 directs that notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," and that "the notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."[1] The Notice Plan as implemented satisfied these requirements.

7. As detailed in my Implementation Declaration, the Notice Plan reached the greatest practicable number of Settlement Class Members with individual notice. The Notice Plan individual notice efforts reached approximately 94.9% of the identified Settlement Class. The reach was further enhanced by a Settlement Website. In my experience, the reach of the Notice Plan was consistent with other court-approved notice plans, was the best notice practicable under the circumstances of this case, and satisfied the requirements of due process, including its "desire to actually inform" requirement.[2]

## CAFA NOTICE

8. As detailed in my Implementation Declaration, CAFA Notice—as required by the federal Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715, was provided to 57 federal and state officials on July 28, 2023.

---

[1] Fed. R. Civ. P. 23(c)(2)(B).
[2] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . .").

# NOTICE PLAN

*Individual Notice*

9. As detailed in my Implementation Declaration, on August 2, 2023, Epiq received one data file with 187,021 records for identified Settlement Class Members, including names and addresses and additional data as available ("Settlement Class List"). Epiq deduplicated and rolled-up the records and loaded the unique, identified Settlement Class Member records into its database. These efforts resulted in 183,329 unique, identified Settlement Class Member records. Epiq then sent the 183,329 records to Transunion to perform address updates to identify the most likely current physical mailing address for the Settlement Class Member records. To the extent no updated physical address was associated with a particular record, the existing physical address was used to send notice. The 183,329 unique records sent to Transunion, resulted in 14,723 updated physical addresses. Ultimately, 3,946 records had missing address information or partial names and could not be sent Notice. As a result, 179,383 unique, identified Settlement Class Members were sent a Postcard Short Form Notice ("Short Form Notice") via United States Postal Service ("USPS") first-class mail.

*Individual Notice – Direct Mail*

10. As detailed in my Implementation Declaration, on August 18, 2023, Epiq sent 179,383 Short Form Notices to all identified Settlement Class Members with an associated physical address. The Short Form Notices were sent via USPS first-class mail.

11. The return address on the Short Form Notices is a post office box that Epiq maintains for this case. The USPS automatically forwarded Short Form Notices with an available forwarding address order that has not expired ("Postal Forwards"). Short Form Notices returned as undeliverable were re-mailed to any new address available through USPS information, (for example, to the address provided by the USPS on returned mail pieces for which the automatic forwarding order had expired but was still within the time period in which the USPS returned the piece with the address indicated), or to better addresses that were found using a third-party address lookup service. Upon successfully locating better addresses, Short Form Notices were promptly remailed. As of November 2, 2023, Epiq has remailed 15,338 Short Form Notices.

3

12. Additionally, a Claim Package (Long Form Notice and Claim Form) was mailed to all persons who request one via the toll-free telephone number or other means. As of November 2, 2023, Epiq mailed 221 Claim Packages as a result of such requests.

*Notice Results*

13. As of November 2, 2023, a Short Form Notice was delivered to 173,984 of the 183,329 unique, identified Settlement Class Members. This means the individual notice efforts reached approximately 94.9% of the identified Settlement Class.

*Settlement Website*

14. The Settlement Website (www.90dbSettlement.com) continues to be available 24 hours per day, 7 days per week. Relevant documents, including the Long Form Notice (in English and Spanish), Claim From, Settlement Agreement, and Preliminary Approval Order, are posted on the Settlement Website. The Settlement Website also provides the ability for Settlement Class Members to file an online Claim Form. In addition, the Settlement Website includes relevant dates, answers to frequently asked questions ("FAQs"), instructions for how Settlement Class Members could opt-out (request exclusion) from or object to the Settlement prior to the deadline, contact information for the Settlement Administrator, and how to obtain other case-related information. As of November 2, 2023, there have been 4,492 unique visitor sessions to the Settlement Website, and 20,270 web pages have been presented.

*Toll-Free Number and Other Contact Information*

15. The toll-free telephone number (1-877-203-8169) established for the Settlement continues to allow callers to hear an introductory message and also have the option to learn more about the Settlement in the form of recorded answers to FAQs, and to request that a Claim Package be mailed to them. This automated phone system is available 24 hours per day, 7 days per week. Callers also have the option to speak with a live service agent during normal business hours (English and Spanish). As of November 2, 2023, there has been 972 calls to the toll-free telephone number representing 7,019 minutes of use, and service agents have handled 573 incoming calls representing 5,043 minutes of use, and 78 outgoing calls representing 231 minutes of use.

16. A postal mailing address and email address continue to be available, providing

4

Settlement Class Members with the opportunity to request additional information or ask questions, which Epiq responds to directly via USPS first class mail or email.

*Requests for Exclusion and Objections*

17. The deadline to request exclusion from the Settlement or to object to the Settlement was October 17, 2023. As of November 2, 2023, Epiq has received eleven requests for exclusion. As of November 2, 2023, Epiq is aware of no objections to the Settlement. The Request for Exclusion Report is included as **Attachment 1**.

*Claim Submission*

18. The deadline for Settlement Class Members to file a claim is November 16, 2023. As of November 2, 2023, Epiq has received 2,526 Claim Forms (2,399 online and 127 paper). Since the November 16, 2023, claim filing deadline has not yet passed, these numbers are preliminary. By that deadline, I expect additional claims will have been filed by Settlement Class Members. As standard practice, Epiq is in the process of conducting a complete review and audit of all Claim Forms received. There is a likelihood that after detailed review, the total number of Claim Forms received will change due to duplicate and denied Claim Forms.

**CONCLUSION**

19. In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by federal and local rules and statutes, and further by case law pertaining to notice. This framework directs that the notice plan be optimized to reach the greatest practicable number of potential class members and, in a settlement class action notice situation such as this, that the notice or notice plan itself not limit knowledge of the availability of benefits—nor the ability to exercise other options—to settlement class members in any way. All of these requirements were met in this case.

20. The Notice Plan included an extensive individual notice effort to the identified Settlement Class Members. With the address updating protocols that were used, the Notice Plan individual notice efforts reached approximately 94.9% of the identified Settlement Class. The reach was further enhanced by the Settlement Website. The Federal Judicial Center's ("FJC") Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide states that

5
SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ. ON
IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN AND NOTICES

Case 2:22-cv-00799-SCD    Filed 11/02/23    Page 5 of 8    Document 31

"the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the Settlement Class. It is reasonable to reach between 70–95%."[3] Here, the Notice Plan we have developed and implemented achieved a reach toward the high end of that standard.

21. The Notice Plan provided the best notice practicable under the circumstances, conformed to all aspects of Federal Rule of Civil Procedure, Rule 23 regarding notice, comported with the guidance for effective notice articulated in the Manual for Complex Litigation, Fourth and applicable FJC materials, and satisfied the requirements of due process, including its "desire to actually inform" requirement.

22. The Notice Plan schedule afforded enough time to provide full and proper notice to Settlement Class Members before any opt-out and objection deadlines.

I declare under penalty of perjury that the foregoing is true and correct. Executed November 2, 2023.

_____
Cameron R. Azari, Esq.

---

[3] FED. JUDICIAL CTR, JUDGES' CLASS ACTION NOTICE AND CLAIMS PROCESS CHECKLIST AND PLAIN LANGUAGE GUIDE 3 (2010), available at https://www.fjc.gov/content/judges-class-action-notice-and-claims-process-checklist-and-plain-language-guide-0.

# Attachment 1



**Exclusion Report**
*Fernandez et al. v. 90 Degree Benefits, LLC et al.*

| Number | First Name | Last Name |
|---|---|---|
| 1 | Elidah | Asetto |
| 2 | Cherri | Banken |
| 3 | Kim | Bowley |
| 4 | Janet | Haldeman |
| 5 | Ross | Haldeman |
| 6 | Patricia | LaBucki |
| 7 | Stacey | Palmer |
| 8 | Christopher | Plude |
| 9 | Melissa | Plude |
| 10 | Carolyn | Seeger |
| 11 | Natashia | Westfall |