# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROBERT FERNANDEZ, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>90 DEGREE BENEFITS, LLC and 90 DEGREE BENEFITS – WISCONSIN (f/k/a EBSO, INC.),<br><br>Defendants. | Case No. 2:22-cv-00799-SCD<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

**WHEREAS,** the above-captioned class action is pending in this Court (the "Action");

**WHEREAS**, two actions were previously pending in this Court arising from similar facts and circumstances, arising out of similar operative facts, and asserting substantially identifcal (if not identical) claims on behalf of overlapping putative classes, which have since been voluntarily discontinued without prejudice pursuant to Fed. R. Civ. P. 41 (*see Steven Greek et al. v. 90 Degree Benefits, Inc. et al.*, Case No. 2:23-cv-00511 and *Jenny Olmstead et al v. 90 Degree Benefits – Wisconsin (f/k/a EBSO, Inc.*), Case No. 2:23-cv-00564);

**WHEREAS**, Plaintiffs ROBERT FERNANDEZ, STEVEN GREEK, JON BOYAJIAN and JENNY OLMSTEAD, individually and on behalf of all others similarly situated (collectively "Plaintiffs") and Defendants 90 DEGREE BENEFITS, INC. f/k/a EBSO, INC. i/s/h/a 90 DEGREE BENEFITS – WISCONSIN (f/k/a EBSO, Inc.) and PREFERRED CARE SERVICES, INC. i/s/h/a 90 DEGREE BENEFITS, LLC ("90 Degree Benefits" or "Defendants") have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned

litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendants in the above-captioned action (the "Action") on the terms and conditions set forth in the Settlement Agreement, subject to the approval of the Court;

**WHEREAS**, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

**WHEREAS,** by Order dated July 21, 2023 ("Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

**WHEREAS,** due and adequate notice has been given to the Settlement Class;

**WHEREAS,** 11 Class Members submitted Requests for Exclusion, and zero submitted objections;[1]

**WHEREAS**, the Court conducted a hearing on November 16, 2023 (the "Final Approval Hearing") to consider, among other things, (a) the Objection(s) to the Settlement; (b) whether the terms and conditions of the Settlement were fair, reasonable and adequate to the Settlement Class, and should therefore be approved; (c) whether Class Counsel's motion for Fee Award and Costs should be granted; (d) whether Class Representatives' motion for Service Award Payments should be granted; and (e) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

---

[1] The 11 individuals who requested exclusion, listed in Attachment 1 to the Supplemental Declaration of Cameron Azari, Esq. on Implementation and Adequacy of Notice Plan and Notices, at ECF 31, will not be bound by the Settlement Agreement.

**WHEREFORE**, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings had herein connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. **Jurisdiction**: This Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents**: This Judgment incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on July 19, 2023; and (b) the Notice documents filed with the Court on October 17, 2023.

3. **Class Certification for Settlement Purposes**: The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons who were notified by 90 Degree Benefits, Inc. of the cyberattacks perpetrated against 90 Degree Benefits on or around January 28, 2022 through February 28, 2022 and December 5, 2022 through December 11, 2022. The Settlement Class specifically excludes: (1) the judges presiding over this Action, and members of their direct families; (2) Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline.

4.      **Adequacy of Representation**:  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs and Class Representatives for the Settlement Class and appointing Class Counsel to serve as counsel for the Settlement Class. Plaintiffs and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.      **Notice**:  The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the releases to be provided thereunder), (iii) Class Counsel's motion for a Fee Award and Costs, (iv) Class Representatives' motion for a Service Award Payments, (v) their right to object to any aspect of the Settlement, Class Counsel's motion for a Fee Award and Costs, and/or Class Representatives' motion for a Service Award Payments, (vi) their right to exclude themselves from the Settlement Class, and (vii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

6.      **Objection**: No objections were made to the Settlement Agreement.

7. **Final Settlement Approval and Dismissal of Claims**: Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement Fund; the Releases provided for in the Settlement Agreement; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

8. Upon the Effective Date, the Action shall be, and hereby is dismissed with prejudice in its entirety as to Defendants, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement, and all of the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

9. **Binding Effect**: The terms of the Settlement Agreement and this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submitted a Claim Form or seeks or obtains a distribution or benefits from the Net Settlement Fund), as well as their respective successors and assigns.

10. **Releases**: The releases set forth in the Settlement Agreement are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. Accordingly, this Court orders that, upon the Effective Date, and in consideration of the Settlement benefits described in the Settlement Agreement, each Releasing Party shall be deemed to have released, acquitted, and forever discharged Defendants and each of the Released Parties from any and all Released Claims.

11. Notwithstanding Paragraph 10 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

12. **Rule 11 Findings**: The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense and settlement of the Action.

13. **No Admissions**: This Judgment and Order, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendants of any liability, claim or wrongdoing in this Action or in any other proceeding.

14. **Retention of Jurisdiction**: Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Class Counsel's motion for a Fee Award and Costs; (d) Class Representatives' motion for Service Award Payments; and (e) the Settlement Class Members for all matters relating to the Action.

15. Upon consideration of Class Counsel's Motion for a Fee Award and Costs, and consistent with Paragraph 95 of the Settlement Agreement, Class Counsel is hereby awarded attorneys' fees and costs and expenses in the amount of Three Hundred Thirty Thousand Dollars and Zero Cents ($330,000.00), to be paid as specified in the Settlement Agreement.

16. Upon consideration of Plaintiffs' Motion for Service Award Payments to Class Representatives, and consistent with Paragraph 93 of the Settlement Agreement, Class

Representatives are hereby awarded Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) each, to be paid as specified in the Settlement Agreement.

17. **Modification of the Agreement of Settlement**: Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. **Termination of Settlement**: If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of July 18, 2023, as provided in the Settlement Agreement.

19. **Entry of Judgment**: There is no just reason for delay of entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final Judgment in the Action.

**IT IS SO ORDERED** this 17th day of November, 2023.

_____
Hon. Stephen C. Dries
United States Magistrate Judge