IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROBERT FERNANDEZ, as an individual and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>90 DEGREE BENEFITS, LLC and<br>90 DEGREE BENEFITS – WISCONSIN<br>(f/k/a EBSO, Inc.),<br><br>                Defendants. | Case No.: 2:22-cv-00799-SCD |

**PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF
ADDITIONAL SETTLEMENT ADMINISTRATION FEES AND EXPENSES**

Plaintiff, by and through Lead Counsel, hereby moves for an Order approving the payment of $87,929.19 in additional settlement administration fees and expenses to Settlement Administrator Epiq Class Actions & Claims Solutions ("Epiq").

**I.    BACKGROUND**

In its July 21, 2023 Preliminary Approval Order, this Court approved payment of notice and administration costs to Epiq not to exceed $185,000. (Doc. No. 29 at ¶ 17.) This Court also ordered that payment of any additional amounts for notice and administration costs in excess of $185,000 would require Court approval. (*Id.*) In the course of completing notice and claims administration, Class Counsel and Epiq have determined that Epiq will actually incur a total of $272,929.19 in notice and administration costs ($87,929.19 of which represent costs above those approved by the Court (the "Additional Expenses")). These Additional Expenses were all necessary for implementing the notice plan and claims administration as mandated by the Court's Preliminary Approval Order and largely resulted from unforeseen circumstances. Accordingly,

Plaintiff seeks an Order approving the payment of these Additional Expenses to Epiq. Plaintiff further states that payment of the Additional Expenses will not affect the amount of the relief (including the distribution of the Residual Settlement Fund) available to claimants.

## II.  THE ADDITIONAL EXPENSES

The Additional Expenses result largely from unforeseen costs not accounted for in Epiq's original estimate of notice and claims administration costs. The primary drivers for the difference between the actual estimated costs are: (1) the unanticipated volume of class member calls to Epiq's call center; (2) the unanticipated volume of undeliverable notices to class members; (3) additional postage costs; (4) additional notice efforts undertaken by Epiq; (5) the cost of distributing the Residual Settlement Fund; and (6) other miscellaneous costs. All of these costs were necessary for effectuating notice and claims administration pursuant to the Court's Preliminary Approval Order. Declaration of James Page in Support of Plaintiff's Unopposed Motion for Approval of Additional Settlement Administration Fees and Expenses. Page Decl. at ¶ 3.

1. Unanticipated Call Center Costs ($15,080.80):

Call center expenses were almost seven times more than the amount estimated. The below table details the difference between Epiq's reasonable estimate and Class Members' actual usage of the support available to them via Epiq's call center. Plaintiff further states that Epiq cannot control call volumes but is obligated to answer all incoming calls and ensure class member questions are answered. As such, these costs were necessary and mandated by the Court's Preliminary Approval Order.

| Item | Amount in Estimate | Actual Amount | Difference |
|---|---|---|---|
| Phone Agents Minutes | 2,318 Minutes | 15,432 Minutes | 11,848 Minutes |

| Phone Agents Cost | $2,666 | $17,746.80 | **$15,080.80** |

*Id.* at ¶ 4.

    2.  <u>Unanticipated Volume of Undeliverable Mail ($5,233.50)</u>:

Undeliverable mail was nearly double the original estimate. Epiq estimated that it would receive 12,982 pieces of undeliverable mail. However, to date, Epiq has received 24,671 pieces of undeliverable mail. This increased volume of undeliverable mail resulted in increased costs such as postal forwards, current address research, and print and postage for resending the previously undelivered notices. Like call center volumes, the volume of undeliverable mail is beyond Epiq's control. When mail is returned, Epiq is required to take additional steps to attempt to effectuate notice, which benefits the class and ensures broader participation in the settlement. The below table details the associated costs for these items:

| **Activity** | **Amount in Estimate** | **Actual Amount** | **Difference** |
|---|---|---|---|
| Record Undeliverable Mail | $2,466.58 | $4,687.49 | $2,220.91 |
| Postal Forwards | $1,849.95 | $3,437.70 | $1,587.75 |
| AllFind Address Locator | $1,484.88 | $2,611.82 | $1,126.94 |
| Notice Remails | $292.05 | $589.95 | $297.90 |
| **Totals** | **$6,093.46** | **$11,326.96** | **$5,233.50** |

*Id.* at ¶ 5.

    3.  <u>Additional Postage Costs ($14,677.59)</u>:

Postage costs were $14,677.59 above Epiq's original estimate due to a USPS postage rate change prior to the initial mailing. *Id.* at ¶ 6.

    4.  <u>Additional Notice Efforts ($10,500.00)</u>:

Epiq's original estimate did not include performing CAFA Notice ($4,300); drafting claim and notice forms ($2,200); or drafting expert declarations on the adequacy and implementation of the notice plan (Doc. Nos. 25-3, 30-1, 31) ($4,000). All of these tasks were performed by Epiq. Page Decl. at ¶ 7.

5. Distribution of the Residual Relief ($47,144.27):

Pursuant to the Settlement Agreement, "In the event that there are funds in the Residual Settlement Fund (*i.e.*, after all payments/distributions are made for [all fees, expenses, and approved claims]), the funds remaining in the Residual Settlement Fund shall first be used to purchase additional Credit Monitoring Services for all Settlement Class Members who submitted an Approved Claim for Credit Monitoring Services, up to a total of five (5) years" and second "be used to issue a [*pro rata*] Residual Cash Payment to all Settlement Class Members who submit an Approved Claim," not to exceed $100 per person (the "Residual Relief"). Settlement Agreement at ¶ 68. Epiq estimates that it will incur $47,144.27 in cost in distributing the Residual Relief. This additional expense includes the costs of obtaining and distributing credit monitoring codes and the time associated with printing and mailing checks to eligible Class Members. This expense also includes hourly time for Epiq's teams to execute the above work and address any inquiries from Class Members regarding the residual distribution. Page Decl. at ¶ 8.

These costs were not part of Epiq's original estimate as it was not known (or possible at the time to determine) whether there would be adequate funds remaining in the Residual Settlement Fund to allow for a second distribution. Further, it was not known (or possible at the time to determine) the number of class members to whom these funds or credit monitoring codes would potentially be distributed. *Id.*

6. Miscellaneous Costs ($17,223.03):

There were also a number of miscellaneous but necessary additional costs incurred by Epiq that totaled $17,223.03. These miscellaneous expenses were largely driven by unexpected time billed by Epiq's team overseeing the project. For example, Epiq received roughly three times the number of paper claims that Epiq originally estimated, which increased the claims processing and quality assurance time. *Id*. at ¶ 9.

### III. TOTAL ADDITIONAL EXPENSES WITH DISCOUNT

The sum of the above expenses is $109,859.19. However, Epiq has applied a $21,930.00 discount, which will ensure that payment of the Additional Expenses does not affect the amount of Residual Relief available to claimants (*infra* Section III, Residual Relief). Accordingly, the Additional Expenses total to $87,929.19. The below table details these items:

| Item | Amount |
|---|---|
| Unanticipated Call Center Costs | $15,080.80 |
| Unanticipated Volume of Undeliverable Mail | $5,233.50 |
| Additional Postage Costs | $14,677.59 |
| Additional Notice Efforts | $10,500.00 |
| Residual Distribution Costs | $47,144.27 |
| Miscellaneous Costs | $17,223.03 |
| **Total Additional Expenses** | **$109,859.19** |
| Epiq Discount | ($21,930.00) |
| **Total Additional Expenses with Discount** | **$87,929.19** |

Page Decl. at ¶ 10.

### IV. RESIDUAL RELIEF

After payment of all claims, fees, and expenses (including the Additional Expenses) from the Settlement Fund, there remains a Residual Settlement Fund[1] of $258,620.10. This amount will still allow for the maximum distribution of Residual Relief permissible under the Settlement Agreement: (1) $9,920.00 to purchase additional Credit Monitoring Services, to a total of five years, for all Settlement Class Members who submitted an Approved Claim for Credit Monitoring Services and (2) $100 Residual Cash Payments to all 2,487 Settlement Class Members who submitted an Approved Claim.

| Item | Amount |
|---|---|
| Additional Credit Monitoring Services | $9,920.00 |
| $100 Residual Cash Payments to all 2,487 Settlement Class Members who submitted an Approved Claim | $248,700.00 |
| **Total Residual Relief to be Distributed** | **$258,620.00** |
| **Residual Settlement Fund** | **$258,620.10** |

Page Decl. at ¶ 11.

Accordingly, payment of the Additional Expenses will not affect the amount of Residual Relief distributed to Settlement Class Members.

V.  **LEGAL ARGUMENT**

Given that the payment of the Additional Expenses will not affect the amount of the residual relief distributed to Settlement Class Members and that the Additional Expenses were reasonably and necessarily incurred as a result of largely unforeseen circumstances, this Court

---

[1] *See* Settlement Agreement at ¶ 34 ("'Residual Settlement Fund' means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) Notice and Administrative Expenses, (ii) Taxes and Tax-Related Expenses, (iii) Approved Claim(s) for Out-of-Pocket Losses; (iv) Approved Claim(s) for Attested Time; (v) Approved Claim(s) for Credit Monitoring Services; (vi) Approved Claim(s) for Alternative Cash Payment(s); (vii) Service Awards Payments approved by the Court; and (viii) Fee Award and Costs approved by the Court.").

should approve the payment of the Additional Expenses. *See, e.g.*, *Perez v. DirecTV Grp. Holdings, LLC*, No. 816CV01440JLSDFM, 2023 WL 1931376, at *6 (C.D. Cal. Jan. 23, 2023) (approving payment of administration costs that deviated from the approved settlement amount but were reasonable in light of unforeseen complications) (citing *Sebastian v. Sprint/United Mgmt. Co.*, No. 818CV00757JLSKES, 2019 WL 13037010, at *5 (C.D. Cal. Dec. 5, 2019) (approving payment of administration costs above approved settlement amount where additional costs were reasonable and did not affect the amount of relief available to claimants)).

## VI. <u>CONCLUSION</u>

For the reasons stated herein, Plaintiff requests that this Court grant the present Motion.

Dated: August 14, 2024

Respectfully submitted,

/s/ Danielle L. Perry
Danielle L. Perry
Gary E. Mason
Lisa A. White
**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel.: 202.429.2290
dperry@masonllp.com
gmason@masonllp.com
lwhite@masonllp.com

*Counsel for Plaintiff and the Settlement Class*

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2024, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send a notice of electronic filing to all Counsel of record.

/s/ *Danielle L. Perry*
Danielle L. Perry